**Not for Publication**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

G.W. and Mk. W.,

   *Plaintiffs*,

 v.

Ringwood Board of Education,

   *Defendant*.

Civil Action No. 19-13734

**OPINION**

**John Michael Vazquez, U.S.D.J.**

   This matter is before the Court following the parties' additional briefing as to whether the Court has subject matter jurisdiction over the Plaintiffs' claims. D.E. 18, D.E. 19, D.E. 20. The Court reviewed the parties' submissions and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, the Court dismisses Plaintiffs' Complaint, D.E. 1, for lack of subject matter jurisdiction.

**I. BACKGROUND**

   The Court incorporates by reference here the extensive factual background set forth in its prior Opinion. D.E. 14 (the "Prior Opinion" or "Prior Op.") at 2-6. This case concerns the parties' settlement of a due process petition Plaintiffs filed under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C § 1400 *et seq.,* in the New Jersey Office of Administrative Law ("NJOAL"). *See generally* D.E.1 ("Complaint" or "Compl."). A three-day hearing on Plaintiffs' petition was set to begin on May 7, 2019, but the parties settled the matter before the hearing began. Compl. ¶ 27. Now, Plaintiffs contend the settlement was the product of coercion by the administrative law judge ("ALJ"). *See e.g., id.* ¶ 88 ("The Putative Settlement was procured

through duress and coercion."). Plaintiffs assert three counts: (1) reversal of the ALJ's decision approving the settlement under the IDEA; (2) a declaratory judgment that the settlement is void; and (3) in the alternative, a declaratory judgment that the settlement's waiver of attorneys' fees is void under the New Jersey Civil Rights Act and New Jersey public policy. *Id.* ¶¶ 87-134.

Defendant moved to dismiss the action, D.E. 5, but in the Prior Opinion, the Court questioned whether it has subject matter jurisdiction over Plaintiffs' claims and thus denied Defendant's motion without prejudice and requested further briefing on the issue of subject matter jurisdiction. D.E. 14 at 8-15. The Court ordered "both parties . . . to submit additional briefing on the Court's subject matter jurisdiction" within 30 days of the Order. D.E. 15. The Court further ordered "[b]oth parties . . . to submit their opposition within fifteen days (15) thereafter." *Id.* Both parties then submitted additional briefing on the issue of subject matter jurisdiction. D.E. 18, D.E. 19. Defendant also filed its opposition brief – styled as a reply – D.E. 20, but Plaintiffs did not file an opposition brief. Instead, and despite the Court's Order, D.E. 15, Plaintiffs filed a letter requesting the Court to either permit Plaintiffs to file a sur-reply or "strike" Defendant's "so-called reply." D.E. 21. Defendant opposed this request. D.E. 22.

## II. STANDARD OF REVIEW

Defendant argues that the Complaint should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. Pursuant to Fed. R. Civ. P. 12(h)(3), a complaint must be dismissed whenever the Court determines that it lacks subject matter jurisdiction. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 437 (D.N.J. 1999). Consequently, a Rule 12(b)(1) motion may be brought at any time. *Id*.

In deciding a Rule 12(b)(1) motion, a court must first determine whether the party presents a facial or factual attack because the distinction determines how the pleading is reviewed. A facial

attack "contests the sufficiency of the complaint because of a defect on its face," whereas a factual attack "asserts that the factual underpinnings of the basis for jurisdiction fails to comport with the jurisdictional prerequisites." *Elbeco Inc. v. Nat'l Ret. Fund*, 128 F. Supp. 3d 849, 854 (E.D. Pa. 2015) (quoting *Moore v. Angie's List, Inc.*, 118 F. Supp. 3d 802, 806 (E.D. Pa. 2015)). Where, as here, the party bringing a 12(b)(1) motion attacks the complaint on its face and does not contest the facts alleged by the non-moving party, the 12(b)(1) motion is treated "like a 12(b)(6) motion" and the Court must "consider the allegations of the complaint as true." *T.L. by & through Latisha G. v. Pennsylvania Leadership Charter Sch.*, 224 F. Supp. 3d 421, 429 (E.D. Pa. 2016) (citing *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016)). Regardless of whether the attack is facial or factual, "the Plaintiff has the burden to prove that the Court has jurisdiction." *Bd. of Trs. of Trucking Emps of N. Jersey Welfare Fund, Inc. v. Caliber Auto Transfer, Inc.*, No. 09-6447, 2010 WL 2521091, at *8 (D.N.J. June 11, 2010) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006)).

## III.  ANALYSIS

Plaintiffs first argue that the ALJ's order below, which ordered "the parties [to] comply with the settlement terms," confers federal question jurisdiction under the IDEA. D.E. 19 at 9-15 (citing Compl. Ex. A at 2). Plaintiff further contends this Court has jurisdiction over the ALJ's decision approving the parties' settlement irrespective of whether a hearing on the substantive issues raised by Plaintiffs' petition took place. *Id*. at 17-19. In opposition, Defendant relies primarily on the cases the Court cited in its Prior Opinion.

A federal court may exercise federal question jurisdiction over a settlement agreement concerning an IDEA claim in one of two circumstances: (1) settlements reached in connection with a mediation procedure, *see* 20 U.S.C. § 1415(e), or (2) settlements reached in connection with a

"[r]esolution" process, *see* 20 U.S.C. § 1415(f)(1)(B).  *See also S.T. v. Jersey City Bd. of Educ.*, No. CV 16-2663 (JLL), 2016 WL 4941993, at *2 (D.N.J. Sept. 14, 2016).  A mediation under the IDEA must be (1) "voluntary on the part of the parties"; (2) "not used to deny or delay a parent's right to a due process hearing under subsection (f), or to deny any other rights afforded under this subchapter"; and (3) "conducted by a qualified and impartial mediator who is trained in effective mediation techniques."  20 U.S.C. § 1415(e)(2)(A).  Among other things, an IDEA "resolution" session "shall [be] convene[d] . . . within 15 days of receiving notice of the parents' complaint."  20 U.S.C. § 1415(f)(1)(B)(i).

The allegations here do not indicate that the parties' settlement was reached in connection with either an IDEA resolution or mediation.  Instead, the ALJ presided over the parties' settlement discussions, Compl. ¶ 3, rather than a "qualified and impartial mediator."  20 U.S.C. § 1415(e)(2)(A).  Likewise, the settlement discussions did not constitute an IDEA resolution proceeding because they took place more than 200, not 15, days after Plaintiffs filed their petition. *See* D.E. 19-1, Ex. B (request for due process dated "August 16, 2018.").  Accordingly, this Court finds that it does not have jurisdiction pursuant to the IDEA's mediation and resolution provisions.  Based on the arguments raised in the briefing, it does not appear that Plaintiffs contest this finding.

The only remaining issue is whether the ALJ's May 7, 2019 order, finding that the parties "voluntarily agreed" to the settlement and that the settlement "fully disposes of all issues in controversy between" the parties, confers jurisdiction on the Court.  In addition to the exceptions identified above, the IDEA confers federal question jurisdiction in the following circumstances:

> (i) Administrative procedures
> . . .
>   (2) Right to bring civil action
>
>     (A)  Any party aggrieved *by the findings and decision made [during a due process hearing]* . . . shall have the right to bring

4

> a civil action *with respect to the complaint presented pursuant to this section*, which action may be brought in any State court of competent jurisdiction or *in a district court of the United States*, without regard to the amount in controversy.
>
> . . .
>
> (C)  In any action brought under this paragraph, the court –
>
> > (i)  shall receive the records of the administrative proceedings;
> > (ii)  shall hear additional evidence at the request of a party; and
> > (iii)  basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

20 U.S.C. § 1415(i)(2) (emphases added).  20 U.S.C. § 1415(E)(1)(i), in turn, provides that "a decision made by a hearing officer *shall* be made on substantive grounds based on a determination of whether the child received a free appropriate public education."

In the Prior Opinion, the Court observed that Plaintiffs' challenge to the ALJ's order appeared to be an attempt to void the parties' settlement.  Prior Order at 9.  The Court therefore likened the matter to a contract dispute over which the Court would not have jurisdiction.  *Id*.  The Court now concludes that this observation was accurate.  The ALJ's decision was not based on "substantive grounds"; rather, the decision was merely based on the ALJ's finding that the parties "voluntarily agreed" to the settlement and that the settlement "fully dispose[d] of all issues in controversy between" the parties.  Compl. Ex. A at 2.  The parties do not dispute that the ALJ never held a due process hearing.    Compl. ¶ 79.  Moreover, Plaintiffs request the Court to void or rescind the settlement agreement based on the common law contract defenses of duress and coercion.  Plaintiffs are, in effect, requesting this Court to determine whether the parties' settlement is enforceable.  But such a dispute does not confer federal question jurisdiction to the Court.  *See L.M. v. Lower Merion Sch. Dist.*, No. CIV.A. 10-4855, 2011 WL 71442, at *3 (E.D. Pa. Jan. 7,

2011) ("Many courts . . . have held that a settlement agreement related to an IDEA claim which is reached outside the formal mediation or resolution process is not enforceable under the IDEA in a district court of the United States."); *see also Miksis v. Evanston Township High Sch. Dist. # 202*, 235 F. Supp. 3d 960, 978 (N.D. Ill. 2017), *as amended* (Feb. 2, 2017) ("A settlement agreement is a type of contract, and it is well established that a claim for breach of contract generally does not give rise to federal question jurisdiction even if part of the consideration for the agreement is dismissal of an earlier federal suit alleging claims arising under federal law."); *see also T.L. by & through Latisha G. v. Pennsylvania Leadership Charter Sch.*, 224 F. Supp. 3d 421, 429 (E.D. Pa. 2016) ("*Every federal court* that has interpreted 20 U.S.C. § 1415(f)(1)(B)(iii) has found that the precisely worded grant of jurisdiction to enforce settlement agreements reached 'at' resolution meetings simultaneously deprives federal courts of jurisdiction to enforce settlement agreements reached outside the context of these meetings." (emphasis added)); *see also S.T.*, No. CV 16-2663 (JLL), 2016 WL 4941993, at *2. Accordingly, because Plaintiffs have not proffered another basis for federal question jurisdiction and the parties are not diverse,[1] the Court finds that it lacks subject matter jurisdiction over this matter.

The cases that Plaintiffs cite in their supplemental brief, D.E. 19, do not alter this conclusion. Plaintiffs reliance on *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) is misplaced. That case involved a "dismissal . . . issued pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii)" by a federal district court, not a dismissal by an administrative law judge. *Id*. at 378. The Supreme Court acknowledged the possibility that a federal court could retain jurisdiction over the enforcement of a settlement agreement by incorporating the terms of the agreement into a dismissal order, such that a breach of the settlement would also be a breach of

---

[1] *See* Compl. ¶¶ 11-14 (alleging all parties are citizens on New Jersey).

the Court's order. *Id.* at 381. But nothing about the Court's ruling states or implies that an ALJ can confer jurisdiction upon a federal district court by incorporating the terms of a settlement into an order, as Plaintiffs urge. The Supreme Court's opinion also does not indicate that the parties' settlement here somehow became an IDEA-defined "decision and finding[]" of the ALJ merely by virtue of the ALJ's order that the parties comply with the settlement. For the same reason, *Transtech Indus. v. A&Z Septic Clean*, 270 F. App'x 200 (3d Cir. 2008), is inapposite. That case dealt with a *federal district court's* incorporation of a settlement agreement's terms into an order administratively closing a case, not an order by an ALJ. *Id.* at 208.

Plaintiffs reliance on *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848 (3d Cir. 2006), *as amended* (Apr. 27, 2006), *as amended* (May 16, 2006), and *A.R. ex rel. R.V. v. New York City Dep't of Educ.*, 407 F.3d 65 (2d Cir. 2005) is also misplaced. Those cases evaluated whether the court-approved settlements between the parties were "judicially sanctioned" for purposes of determining whether the plaintiffs were prevailing parties under the fee shifting analysis discussed in *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598 (2001). *See P.N.*, 442 F.3d at 854 ("[A] settlement of administrative proceedings that is judicially enforceable meets the *Buchkannon* requirements . . . [b]ecause the consent orders entered here were enforceable through an action under 42 U.S.C. § 1983 and under state law, these consent orders . . . satisfy *Buckhannon*."); *A.R.*, 407 F.3d at 77 ("[W]e agree with the Parents' position that M.L. and M.S. are also entitled to 'prevailing party' status in the IHO proceedings in connection with which they each obtained an administrative analog of a consent decree.") *P.N.* and *A.R.* did not discuss whether the orders approving the settlements constituted substantive ALJ decisions under 20 U.S.C. § 1415(i)(2), let alone whether such settlement agreements are enforceable in federal court. *W.B. v. Matula*, 67 F.3d 484 (3d Cir. 1995) is similarly off point. *See* D.E. 19 at 17.

The question there was whether the release and waiver provisions in a settlement agreement, reached during IDEA proceedings, barred the plaintiff's 42 U.S.C. § 1983 claims. *Id*. at 496-99. The *Matula* court determined that an action pursuant to Section 1983 to enforce IDEA was permissible. *Id.* at 495. Yet, the Third Circuit later abrogated this ruling in *A.W. v. Jersey City Pub. Schools*, 486 F.3d 791, 803 (3d Cir. 2007).

The Court also finds that the district court cases[2] cited by Plaintiffs distinguishable. *Estate of S.B. by & through Bacon v. Trenton Bd. of Educ.*, CV1707158FLWLHG, 2018 WL 3158820, (D.N.J. June 28, 2018) did not involve a claim under the IDEA. There the "[p]laintiffs br[ought] claims under the ADA and Section 504" of the Rehabilitation Act, not the IDEA. *See id*. at *5. The remaining cases cited by Plaintiffs did not discuss subject-matter jurisdiction and did not involve claims seeking to enforce or void a settlement agreement, let alone a settlement agreement reached outside IDEA-defined mediation and resolution sessions.

For the foregoing reasons, the Court finds that it lacks subject-matter jurisdiction in this matter.[3]

---

[2] D.E. 19 at 18-19 (citing *McLean v. Eastampton Sch. Dist.*, No. CV1911009RBKKMW, 2020 WL 728816, at *4 (D.N.J. Feb. 13, 2020); *Estate of S.B. by & through Bacon v. Trenton Bd. of Educ.*, CV1707158FLWLHG, 2018 WL 3158820, at *5 (D.N.J. June 28, 2018); *M.C.I. on behalf of M.I. v. N. Hunterdon-Voorhees Reg'l High Sch. Bd. of Educ.*, CV 17-1887, 2018 WL 902265, at *4 (D.N.J. Feb. 15, 2018) ; *H.L. o/b/o V.L. v. Marlboro Twp. Bd. of Educ.*, CV169324FLWDEA, 2017 WL 5463347, at *1 (D.N.J. Nov. 14, 2017); *Mittman v. Livingston Twp. Bd. of Educ.*, CIV. 09-4754 DRD, 2010 WL 3947548, at *2 (D.N.J. Oct. 7, 2010)).

[3] The Court also denies Plaintiffs request to file a sur-reply, D.E. 21. The Court ordered "both parties . . . to submit additional briefing on the Court's subject matter jurisdiction" within 30 days of the Order. D.E. 15. The Court further ordered "[b]oth parties . . . to submit their opposition within fifteen days (15) thereafter." *Id*. Thus, the Court expressly permitted Plaintiffs the opportunity to respond to Defendants' arguments in support of dismissal. Plaintiffs failed to take advantage of that opportunity and instead filed a letter – without attaching a proposed sur-reply as an exhibit – incorrectly accusing Defendants of non-compliance with the Court's order. While Defendants mislabeled their opposition as a reply, Defendants substantively submitted an opposition.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Complaint is dismissed for lack of subject-matter jurisdiction. An appropriate Order accompanies this Opinion.

Dated: November 17, 2020

_____
John Michael Vazquez, U.S.D.J.